

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

Grover Sellers
~~WILL WILSON~~
ATTORNEY GENERAL

Hon. D. C. Greer
State Highway Engineer
Texas Highway Department
Austin 26, Texas

Opinion No. O-5910
Re: Does the F.W. & D.C. Railway
Company and the City of Memphis,
Texas, have authority to make the
exchange of property herein stated?

Dear Sir:

We are in receipt of your recent request for an opinion from this department on the following state of facts:

"The F.W. & D.C. Railway Company has a 200 foot right of way through the city of Memphis. The city has constructed a street 40 foot wide on each side of and parallel to the railway right of way. The proper location for highway U. S. 287 is on the 40 foot street, on the west side of the railway right of way, however, it will be necessary that a minimum right of way of 70 feet be secured. There are many buildings and other improvements on the west side of the street which would have to be moved in order to widen the present 40 foot street to the west, however, it may be that the railway officials would be willing to give to the State or the city of Memphis an easement on 30 feet off the west side of their 200 foot right of way in exchange for 30 feet to be added to the east side of their right of way. This, of course, would include 30 feet of the present 40 foot city street on the east of the railway right of way leaving only 10 feet of the original 40 feet. In as much as there is very little improvement on the east side of the railway the city of Memphis may acquire an additional 30 feet of right of way adjoining the east line of the present city street on the east side of the railway thus restoring the street to the original width of 40 feet.

"Before presenting this plan to the officials of the railway company and the city of Memphis will you please advise us if the railway company and the city of Memphis have authority to make the exchange hereinabove outlined. A rough pencil sketch is attached hereto for your further information."

The facts in this request are insufficient, in that it is not stated whether the railroad owns the right-of-way in fee simple or merely has an easement over same. We will

endeavor to treat this matter under both assumptions.

At the very outset of this opinion we wish to make it clear that if the right-of-way of the railroad company is an interest less than fee simple, it must be condemned for highway or street purposes.

16 Texas Jurisprudence, page 681, provides as follows:

"But it is a fundamental proposition of eminent domain that land that has been condemned for one use may not be permanently used for another and different one."

In the case of O'Neal v. City of Sherman, 14 S.W. 31, plaintiff executed a deed to the city conveying a piece of property for street purposes only, and the city in turn delivered the land to a company that had a contract to drill a water well for the city. The Supreme Court held that the city could not appropriate such land for the purpose of maintaining waterworks. See also Muhle v. N.Y. Tex.Mex. R.R., 25 S.W. 607.

Now if the railroad company owns the property in fee simple, the railroad company has a right to convey same in fee simple or any lesser estate to the city.

Article 6341, Vernon's Annotated Civil Statutes, provides as follows:

"Railroad corporations shall have the following other rights:

"* * *

"6. To purchase, hold and use all such real estate and other property as may be necessary for the construction and use of its railway, stations and other accommodations necessary to accomplish the objects of its incorporation, and to convey the same when no longer required for the use of such railway.

"7. To take, hold and use such voluntary grants of real estate and other property as shall be made to it in aid of the construction and use of its railway, and to convey the same when no longer required for the uses of such railway, in any manner not incompatible with the terms of the original grant."

30 Texas Jurisprudence, 354, states that cities have the authority to buy and sell property, said authority being granted by the following Articles of Vernon's Annotated Civil Statutes;

Article 1140 states that after the city has complied with the incorporation statutes it shall:

"* * * have the power to sue and be sued, plead and be impleaded, and to hold and dispose of real and personal property, provided such real property is situated within the limits of the corporation."

### Article 962:

"All the inhabitants of each city, town or village so accepting the provisions of this title shall continue to be a body corporate *** and in all matters whatever, may take, hold and purchase, lease, grant and convey such real and personal or mixed property or estate as the purposes of the corporation may require, within or without the limits thereof; ***"

The following Articles of Vernon's Annotated Civil Statutes, specifically provide that the city has the right to condemn property of railroads:

### Article 1149:

"Any town or village in this State, incorporated under this Chapter or by special charter, shall have the right, and they are hereby empowered, to condemn the right of way and roadbed of any railway company whose road-bed runs within the corporate limits of such town or village, when deemed necessary and so declared, by a majority vote of the board of aldermen, for the purpose of opening, widening, or extending the streets of such town or village; ***"

### Article 1150:

"County commissioners shall have the right, upon petition of twenty freeholders of any community, or unincorporated town or city, to condemn roadbed of railroads for the same purpose mentioned in the preceding article."

It is therefore our opinion that the city has the right to condemn the property of the railroad for highway or street purposes. Assuming that the railroad merely has an easement, it would be advisable to make the original grantors parties to such condemnation proceeding.

Assuming that the railroad company owns the right-of-way in fee simple, the city has a right to the west 40 feet of

same for highway purposes; but we are unable to find any authority that would permit the city giving the railroad company the exclusive use of the 30 feet on the east of said railroad right-of-way which has been dedicated as a public street.

Trusting this answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ W. P. Watts
W. P. Watts, Assistant

APPROVED MAY 4, 1944
/s/ Geo. P. Blackburn
(Acting) ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY:        OS, CHAIRMAN

WPW:EP:wb